IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-41212
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EVARISTO PEREZ-QUESADA,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. C-00-CR-212-1
- - - - - - - - - -
June 5, 2001

Before SMITH, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Evaristo Perez-Quesada (Perez) appeals his conviction for
possession with intent to distribute 598 kilograms of marihuana
in violation 21 U.S.C. §§ 841(a)(1) & (b)(1)(B).  He contends
that the prosecutor improperly elicited testimony from two
officers that Perez had requested an attorney when questioned
after his arrest.  He argues that the prosecutor exacerbated
these alleged errors and effectively shifted the Government's
burden of proof by commenting during closing argument on Perez's

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

failure to explain the inconsistent statements he made at the Border Patrol checkpoint.

Perez did not object at trial to any of the comments he now challenges. Therefore, we review only for plain error. United States v. Fletcher, 121 F.3d 187, 196 (5th Cir. 1997); FED. R. CRIM. P. 52(b). It is implicit in Miranda v. Arizona, 384 U.S. 436 (1966), that a defendant will not be penalized for his silence after being advised of his rights. See Doyle v. Ohio, 426 U.S. 610, 618 (1976). However, even if Perez could establish error based on the witnesses' comments and the prosecutor's closing argument, he has not shown that this error affected his substantial rights given the weight of the evidence against him. See United States v. Laury, 985 F.2d 1293, 1304 (5th Cir. 1993).

In the absence of plain error, Perez's conviction is AFFIRMED.